[No. 23504.  Department One.  April 12, 1932.]

MARTHA T. C. NICHOLS, *Appellant*, v. BESSIE E. OLSON, *Respondent*,
D. L. NICHOLS, *Defendant*.[1]

*Fred B. Morrill*, for appellant.

*Turner, Nuzum & Nuzum*, for respondent.

HERMAN, J.—Martha T. C. Nichols, the plaintiff, brought suit September 29, 1930, upon a promissory note against defendants D. L. Nichols and Bessie E. Olson, formerly Bessie E. Nichols. Defendant D. L. Nichols was the son of Martha T. C. Nichols, and Bessie E. Olson, the other defendant, was formerly the wife of D. L. Nichols. The note in question was dated June 1, 1912, and promised the payment of four thousand dollars seven years after date, with interest payable annually at the rate of six per cent per annum. It was signed by defendant D. L. Nichols.

The complaint contained the allegation that,

". . . on the first day of June, 1912, the above named defendant, D. L. Nichols, for the benefit of the community consisting of defendants, for a valuable consideration made, executed and delivered to plaintiff his promissory note . . ."

A trial to the court, sitting without a jury, resulted in judgment for defendant Bessie E. Olson, formerly Bessie E. Nichols. Judgment was entered for plaintiff against defendant D. L. Nichols for the sum of $5,440, together with costs.

Defendant D. L. Nichols did not appeal from the judgment. His mother, the plaintiff, has appealed from the judgment in favor of defendant Bessie E. Olson, formerly Bessie E. Nichols.

Appellant makes twelve assignments of error. The first of these is that the court erred in finding that the action was not commenced within six years from the date of any payment made on the promissory note in question, and that the action is barred by the statute of limitations. The eleventh assignment is that the court erred in entering judgment in favor of respondent and against appellant, dismissing the action against respondent. These two assignments will be considered collectively.

The finding of the trial court with reference to the statute of limitations is as follows:

[1]Reported in 9 P. (2d) 1100.

"That the action upon the promissory note sued on herein was not commenced within six years from the due date of said note or within six years from the date of any payment thereon, and the action is therefore barred by the statute of limitation in such cases made and provided."

A careful consideration of the testimony, as set forth in the statement of facts, convinces us that the evidence clearly preponderates in favor of this finding by the trial court. The court therefore did not err when it entered judgment in favor of respondent and against appellant, thereby dismissing the action against respondent.

In view of our holding that the trial court properly predicated judgment for respondent upon the fact that the action against her was barred by the statute of limitations, the remaining ten assignments of error, which deal with other aspects of the case, present moot questions.

Judgment affirmed.

TOLMAN, C. J., PARKER, MITCHELL, and BEELER, JJ., concur.